UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO GONZALEZ,

                Plaintiff,

-against-

DR. LESTER N. WRIGHT, STEVEN SILVER, M.D.,
SAMUEL LAM, M.D., MICHELLE PUTNAM, M.D.,
JONATHAN SMITH, M.D., AUGUSTINE MOSCATELLO, M.D.,
WLADYSLAW SIDOROWICZ, M.D., S.J. LILLEY, R.N./MHSA,
HERBERT GOULDING, M.D., R. BLAIR, RN/MHSA,

                Defendants.

**ANSWER TO AMENDED COMPLAINT**

1:07-CV-02898-KMW

---

Defendant, **Samuel Lam, M.D.**, answering the Amended Complaint of the plaintiff herein:

1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "I", "VI(A)" and "VI(B)" of the Amended Complaint.

2.    Denies each and every allegation in said Amended Complaint not otherwise herein specifically admitted or denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

3.    That the Amended Complaint fails to state a cause of action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

4.    Whatever injuries plaintiff may have sustained at the time and place alleged in the Amended Complaint were caused in whole or in part, or were contributed to by the culpable conduct and want of care on the part of the plaintiff, or by someone over whom the answering defendant had no control, and without any negligence or fault or want of care on the part of the answering defendant, and the plaintiff with awareness of the risks associated with the activity in question, assumed the risk thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

5.    That in entering upon the activity in which the plaintiff engaged at the time of the happening of the accident set forth in the plaintiff's Amended Complaint, plaintiff knew the hazards thereof and the inherent risk to such activity and had full knowledge of the

-2-

methods to be used in the performance of such activity and the danger thereof; whatever damages and injuries were sustained by plaintiff as alleged in the Amended Complaint herein arose from, and were caused by, such risks of the said activity and such risks were accepted and assumed by the plaintiff upon entering into and continuing in such activity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. That the action was not commenced within two years and six months after the cause of action arose and is therefore barred by the Statute of Limitations contained in the CPLR Section 214-a.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. Plaintiffs have failed to mitigate any of their alleged damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. This answering defendant asserts all the defenses available pursuant to Public Health Law § 2805-d.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The Amended Complaint does not comply with the Order of the Court signed by the Hon. Kimba M. Wood, Chief Judge dated April 11, 2007.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10. That the Amended Complaint fails to state a cause of action pursuant to CPLR Section 3017.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

11. Each answering defendant pleads that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason thereof each such answering defendant's liability to the plaintiff for non-economic loss shall not exceed each respective defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

12. That the Amended Complaint is fatally defective since a Certificate of Merit

-3-

as required by CPLR 3012(a) was not served with the Amended Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

13. If plaintiff seeks to recover for the costs of medical care, dental care, podiatric care, custodial care or rehabilitation services loss of earnings or other economic loss, such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified in whole or in part, from a collateral source; by reason of such, any award obtained by the plaintiff must be reduced by the amount of the evidence of payment from collateral sources.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

14. That the relative culpability of each party who is or may be liable for the damages alleged by plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

**WHEREFORE**, defendant demands judgment dismissing the plaintiff's Amended Complaint with costs, and, that the relative culpability of each party be determined and apportioned all pursuant to the applicable statutes.

DATED: June 12, 2008

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By: _____
Michael E. Catalinotto, Jr.
Bar Roll No.: MC2315
Attorneys for Defendant,
Samuel Lam, M.D.
Route 9W
POB 180
Saugerties, NY 12477
(845) 246-3666

-4-

TO: **WILFREDO GONZALEZ, 83A 5986**
*Pro Se*
Woodbourne Correctional Facility,
99 Prison Road, POB 1000
Woodbourne, NY 12788-1000

CC: Sabrina Jiggetts, Esq., AAG
Attorney for Defendants, *Wright,
Sidorowicz, Lilley, Goulding & Blair*
State of New York
Office of the Attorney General
120 Broadway - 24th Floor
New York, New York  10271
(212) 416-6082

John J. Corgan, Esq.
Schiavetti, Corgan, DiEdwards & Nicholson, LLP
Attorneys for Defendant, *Augustine Moscatello, MD*
709 Westchester Avenue, Suite 205
White Plains, New York  10604
(914) 946-0400

Peter R. Taglia, Esq.
Dwyer & Taglia, Esqs.
Attorneys for Defendant, *Jonathan Smith, MD*
111 John Street, Suite 620
New York, New York  10038
212-227-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO GONZALEZ,

                            Plaintiff,                  **CERTIFICATE OF SERVICE**

-against-

DR. LESTER N. WRIGHT, STEVEN SILVER, MD,        1:07-cv-02898-CM-MHD
SAMUEL LAM, MD, MICHELLE PUTNAM, MD,
JONATHAN SMITH, MD, AUGUSTINE
MOSCATELLO, MD, WLADYSLAW SIDOROWICZ, MD,
S.J. LILLEY, RN/MHSA, HERBERT GOULDING, MD,
R. BLAIR, RN/MHSA,

                            Defendants.

---

    I hereby certify that on June 12, 2008, I have mailed by the United States Postal Service the foregoing answer to amended complaint on behalf of Samuel Lam, MD, to the following non-ECF Participants:

                          **LEGAL COMMUNICATION**
                          **PERSONAL AND CONFIDENTIAL**
                          WILFREDO GONZALEZ, 83A 5986
                          Woodbourne Correctional Facility,
                          99 Prison Road, POB 1000
                          Woodbourne, NY 12788-1000

                          John J. Corgan, Esq.
                          Schiavetti, Corgan, DiEdwards & Nicholson, LLP
                          709 Westchester Avenue, Suite 205
                          White Plains, New York 10604

                          Peter R. Taglia, Esq.
                          Dwyer & Taglia, Esqs.
                          111 John Street, Suite 620
                          New York, New York 10038

                                             _____
                                           Monica R. Pole

Sworn to before me this ___12th___
day of ___June___, 2008.

_____
NOTARY PUBLIC - STATE OF NEW YORK
PATRICIA V. STROH
Notary Public, State of New York
No. 01ST4813879
Qualified in Ulster County
Commission Expires February 28, 20_11_

351021.1